IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RICHARD R. REILLY, as Administrator** :
**of the Estate of VERONIQUE A. HENRY,** :
**deceased,** :
    **Plaintiff** :     No. 1:18-cv-01803
     :
**v.** :     (Judge Kane)
     :
**YORK COUNTY, et al.,** :
    **Defendants** :

### MEMORANDUM

Before the Court is Plaintiff Richard Reilly, as Administrator of the Estate of Veronique A. Henry, deceased, ("Plaintiff")'s Motion to Amend/Correct Amended Complaint. (Doc. No. 69.) For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motion.

### I. BACKGROUND[1]

On September 13, 2018, Plaintiff filed a complaint asserting the following claims: (1) violations of Veronique A. Henry ("Ms. Henry")'s "right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or Ms. Henry's right to due process of law under the Fourteenth Amendment to the United States Constitution" against Defendant Lynnette Moore ("Moore"), a correctional officer at York County Prison ("YCP"), Defendant Maria Stremmel ("Stremmel"), a correctional officer at YCP, Defendant Sonia Frey ("Frey"), a nurse a YCP, and Defendant Amanda Spahr ("Spahr"), a medical assistant at YCP (Count I); (2) violations of Ms. Henry's "right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or Ms. Henry's

---

[1] Because the parties are intimately familiar with the factual background of this case, and because the Court previously detailed that factual background in its August 22, 2019 Memorandum and Order (Doc. Nos. 38, 39), the Court sets forth only the procedural background relevant to the instant motion.

right to due process of law under the Fourteenth Amendment to the United States Constitution" against Defendants York County, PrimeCare Medical, Inc. ("PrimeCare"), Mary Sabol ("Sabol"), the Warden at YCP, and the John Doe Defendants (Count II); (3) state law negligence claims against Defendants Frey, Spahr, PrimeCare, and York County (Count III); (4) a wrongful death claim against all Defendants (Count IV); and (5) a survival claim against all Defendants (Count V).  (Doc. No. 1 at 11-17.)[2]

On November 16, 2018, the PrimeCare Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment (Doc. No. 16), addressing Counts I and II of Plaintiff's complaint.  The York County Defendants filed a motion for summary judgment (Doc. No. 22) on the same date.  On February 15, 2019, Plaintiff filed a motion for leave to file an amended complaint, seeking to correctly identify the party responsible for overseeing and managing YCP as the York County Prison Board ("YCPB"), and adding YCPB as a defendant in this case.  (Doc. No. 32.)  After the motions were fully briefed, on August 22, 2019, the Court issued a Memorandum and Order denying the motions filed by the PrimeCare Defendants and the York County Defendants and granting Plaintiff's motion for leave to file a First Amended Complaint ("FAC"). (Doc. Nos. 38, 39.)  In granting Plaintiff's motion for leave to amend, the Court noted that, because the FAC sought to add a defendant, Federal Rule of Civil Procedure 15(c)(1) governed the Court's analysis and was satisfied because: (1) the claim asserted against the YCPB in the FAC arose out of the same conduct or occurrence that was the basis of the original complaint; (2) in light of the fact that York County has ultimate oversight responsibility for the YCP, which is governed and managed by the YCPB, the YCPB had sufficient identity of

---

[2]  For ease of reference, the Court hereafter refers to Defendants PrimeCare Medical, Spahr and Frey as the "PrimeCare Defendants," and to Defendants York County, Sabol, Moore, and Stremmel as the "York County Defendants."

interests with York County to impute notice of Plaintiff's complaint to it for purposes of Rule 15(c)(1)(C)(i); and (3) the requirements of Rule 15(c)(1)(C)(ii) were also satisfied because YCPB "should have known that, but for Plaintiff's mistake, it would have been a named defendant." (Doc. No. 38 at 22.)

The York County Defendants (now including YCPB) and the PrimeCare Defendants subsequently filed answers to the FAC (Doc. Nos. 41, 42), and the Court held a case management conference with the parties on October 10, 2019. (Doc. No. 48.) Thereafter, the parties engaged in discovery and participated in an unsuccessful mediation before Magistrate Judge Carlson. (Doc. No. 67.) The parties jointly requested an extension of the period of fact discovery, which was scheduled to close on October 19, 2020 (Doc. Nos. 66), which the Court granted by Order dated October 22, 2020 (Doc. No. 68), setting November 30, 2020 as the new date for close of discovery in this matter.

On November 5, 2020, Plaintiff filed the instant Motion to Amend/Correct Amended Complaint (Doc. No. 69), seeking to file a Second Amended Complaint. Plaintiff filed a brief in support of the motion, representing that by way of his motion, he seeks to supplement the allegations of the FAC and also add Thomas Weber ("Weber"), CEO of PrimeCare, as a defendant in this matter. (Doc. No. 70 at 6.) The York County Defendants filed a brief in opposition on November 10, 2020. (Doc. No. 71.) Plaintiff filed a brief in reply to the York County Defendants' opposition on November 11, 2020. (Doc. No. 72.) The PrimeCare Defendants filed a brief in opposition to Plaintiff's motion on November 18, 2020. (Doc. No. 73.) The time for filing a reply brief to the PrimeCare Defendants' opposition having expired, Plaintiff's motion is ripe for disposition.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) generally governs requests for amendment and provides, in pertinent part, that after amending a complaint once as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." See Fed. R. Civ. P. 15(a)(2). As the Supreme Court has stated, "the grant or denial of an opportunity to amend is within the discretion of the District Court . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules." See Foman v. Davis, 371 U.S. 178, 182 (1962).

Grounds potentially justifying denial of leave to amend are "undue delay, bad faith, dilatory motive, prejudice, and futility." See id.; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief can be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002); In re Burlington, 114 F.3d at 1434. In assessing "futility," a district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). See In re Burlington, 114 F.3d at 1434; 3 Moore's Federal Practice, § 15.15[3] at 15-55 to 15-61 (3d ed. 2013). Accordingly, in assessing the potential futility of a proposed amended complaint, the Court must accept as true the allegations in the proposed amended complaint and construe those allegations in the light most favorable to the party seeking leave to amend. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

The issue of "prejudice" focuses on hardship to the defendant if the amendment were permitted, specifically, whether amendment "would result in additional discovery, cost, and

4

preparation to defend against new facts or new theories." See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  With regard to "undue delay," the Third Circuit has held that the mere passage of time does not require that a motion to amend a pleading be denied; "however, at some point, the [movant's] delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  See Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  In assessing the issue of "undue" delay, the Court's focus is on the movant's motives for not amending sooner. See id.

Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when:

 (A) the law that provides the applicable statute of limitations allows relation back;

 (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

 (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

See Fed. R. Civ. P. 15(c)(1).

### III. DISCUSSION

 **A.** **Arguments of the Parties**

Plaintiff seeks leave to file a Second Amended Complaint based on "information discovered since the first amended complaint was filed." (Doc. No. 70 at 6.) Specifically, Plaintiff seeks to file a Second Amended Complaint to add Weber, CEO of PrimeCare, as a Defendant in this case; moreover, Plaintiff represents that he "has learned that many of the allegations in the prior amended complaint may now be substantiated with greater specificity," and he therefore maintains that it is "appropriate to amend the complaint by replacing the more general allegations with specific facts." (Id.) Plaintiff maintains that "[t]here are no factors weighing against granting Plaintiff's request to file an amended complaint." (Id. at 7.) He argues that due to PrimeCare's status as a defendant in this case since its filing in 2018:

> Thomas Weber, PrimeCare's CEO, has undoubtedly known of this litigation [since] its inception and has likely assisted PrimeCare's [c]ounsel in preparing its defense. Mr. Weber was deposed in 2020 and his deposition testimony reveals his culpability with regard to the inadequacies of PrimeCare's mental health services. Thus, there is no prejudice to any Defendant by the addition of Mr. Weber as a named Defendant.

(Id. at 7-8.) In addition, Plaintiff maintains that he "seeks to add greater specificity to the existing five counts in the complaint," noting that he is "not adding new claims or legal theories," but seeking to "simply give clarity and context to the allegations and further support Plaintiff's claims." (Id. at 8.) Plaintiff maintains that "[t]he specificity of the amended paragraphs will facilitate stipulations, thereby[] limiting the disputed issues that require the Court's input." (Id.) Finally, Plaintiff argues that because this case has been "protracted due to Covid-19 and case management deadlines have been[] repeatedly revised and updated," and "[n]o trial date has been scheduled," the filing of his proposed Second Amended Complaint "presents no undue delay to the [C]ourt or undue prejudice to the Defendants." (Id.)

The York County Defendants oppose Plaintiff's motion as to them because Plaintiff's only stated reason for doing so is "to add greater specificity to his existing claims." (Doc. No. 71

6

at 3.)  The York County Defendants argue that "[a]t this stage of the proceedings, the provable facts that are being argued by the Plaintiff in his Second Amended Complaint should be the subject of a Motion for Summary Judgment, not a Motion to request an amendment to Plaintiff's [c]omplaint."  (Id. at 3-4.)   Accordingly, the York County Defendants maintain that Plaintiff's motion should be denied.  In reply to the brief of the York County Defendants, Plaintiff notes that they have not identified a basis for prejudice or futility of amendment, and argues that the proposed Second Amended Complaint "strengthens the claims in the original complaint so as to survive a motion to dismiss," and that the proposed Second Amended Complaint "does not make this case more complex but, rather, clarifies the facts and streamlines the issues."  (Doc. No. 72 at 3-4.)

In similarly opposing Plaintiff's motion, the PrimeCare Defendants initially note that the proposed Second Amended Complaint does not specify if Weber "is being sued in his individual or in his official capacities," but maintain that it is undisputed that Weber had "no personal involvement with Ms. Henry during the relevant incarceration;" accordingly, they conclude that "Plaintiff must be intending to add Mr. Weber as a party in his official capacity as PrimeCare's Chief Executive Officer."  (Doc. No. 73 at 6-7.)  However, the PrimeCare Defendants argue that since claims against individuals in their official capacities "are indistinguishable from claims against the government entity" that employs them, the addition of Weber as a defendant in this litigation "is simply redundant and repetitious of claims already asserted."  (Id. at 7.)  In addition, the PrimeCare Defendants argue that the statute of limitations has expired as to any claim against Weber, and maintain that in such a situation, pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), although Weber "would have been aware of the present lawsuit at or near the time service of the lawsuit was made upon PrimeCare," "at no point would Mr. Weber have known or

should have known that Plaintiff would bring suit against him but for a mistake." (Id. at 8-9.) Rather, the PrimeCare Defendants maintain that Plaintiff "brought suit against PrimeCare under a Monell theory which is the same as bringing a cause of action against him in his official capacity." (Id. at 9.)

### B. Whether Plaintiff Should Be Granted Leave to Amend His Complaint

The Court first addresses Plaintiff's effort to add Weber as a Defendant by way of the Second Amended Complaint. As noted above, Plaintiff failed to file a reply brief to the PrimeCare Defendants' opposition brief; accordingly, the Court assumes that Plaintiff does not contest the PrimeCare Defendants' position that it is undisputed that Weber had "no personal involvement with Ms. Henry during the relevant incarceration," and therefore that "Plaintiff must be intending to add Mr. Weber as a party in his official capacity as PrimeCare's Chief Executive Officer." (Doc. No. 73 at 6-7.)[3] Accordingly, the Court agrees with the PrimeCare Defendants that, as to Plaintiff's constitutional claims (Counts I and II), because claims against an officer of an entity in that officer's official capacity are treated as claims against the entity, and because Plaintiff has already asserted a Monell claim against PrimeCare based on its allegedly deficient policies and procedures in the operative First Amended Complaint, the addition of Weber as a defendant is unnecessary. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (stating that "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent") (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)).

---

[3] The Court also notes that its review of the proposed Second Amended Complaint reveals no allegations that Weber had any personal involvement with Ms. Henry during the relevant incarceration.

8

In addition, the Court is persuaded that any effort to add Weber as a party is barred by the applicable two-year statute of limitations. Since the statute of limitations has long since expired in this case, pursuant to Federal Rule of Civil Procedure 15(c)(1), a plaintiff may only add a new party if the claim to be asserted against the party relates back to the filing date of the original complaint. See Fed. R. Civ. P. 15(c)(1). For relation-back to occur when a new party is sought to be added, Rule 15 provides the following requirements: "(A) the law that provides the applicable statue of limitations allows relation back;" "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading;" and "(C) . . . the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." See Fed. R. Civ. P. 15(c)(1)(A)-(C).

Plaintiff's effort to assert claims against Weber by way of a Second Amended Complaint fails pursuant to section (C) of Rule 15(c)(1). Even assuming that Pennsylvania law permitted a party to be added after the expiration of the statute of limitations, and assuming Weber's awareness of this lawsuit at or near the time Defendant PrimeCare was served with the original complaint, the Court cannot conclude that Weber "knew or should have known that the action would have been brought against" him, "but for a mistake concerning the proper party's identity." Rather, it appears clear from the allegations of Plaintiff's original complaint that Plaintiff intended to assert claims against Defendant PrimeCare, not Weber, and that no mistake regarding the proper party's identity occurred. Accordingly, because any effort to assert claims against Weber in this lawsuit fails to meet the requirements of Federal Rule of Civil Procedure

15(c)(1)(C), the Court will deny Plaintiff's motion as futile insofar as it seeks to add Weber as a Defendant.

The Court next addresses Plaintiff's argument that he should be permitted leave to file the Second Amended Complaint because while it does not add any "new claims or legal theories," it adds "greater specificity to the existing five counts in the complaint." (Doc. No. 70 at 8.)  Plaintiff further maintains that it "strengthens the claims in the original complaint so as to survive a motion to dismiss," and "does not make this case more complex, but, rather, clarifies the facts and streamlines the issues." (Doc. No. 72 at 3-4.)  The Court will grant Plaintiff's motion insofar as it seeks to add greater specificity to the claims in the operative complaint. First, the Court recognizes the general presumption in favor of granting a party leave to amend its pleadings.  See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984) (recognizing the general presumption in favor of permitting a party to amend its pleading). Second, although Plaintiff's effort to file a Second Amended Complaint so as to "strengthen[] the claims in the original complaint so as to survive a motion to dismiss" is unnecessary given that Plaintiff's claims have already survived a motion to dismiss (see Doc. Nos. 38, 39), the Defendants have offered no compelling reason why the Court should deny Plaintiff's motion in this regard.  See Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 157 (3d Cir. 2014) (finding it appropriate to permit amendment where the proposed amendments "'restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction, or occurrence in the preceding pleading'") (quoting Bensel v. Allied Pilots Ass'n, 37 F.3d 298, 310 (3d Cir. 2004)).

## IV.     CONCLUSION

Because Plaintiff cannot overcome the statute of limitations bar to asserting claims against Weber as a Defendant pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), the Court will deny Plaintiff's motion insofar as it seeks to add Weber as a Defendant in this matter. The Court will otherwise grant Plaintiff's motion.  An appropriate Order follows.